PER CURIAM.
Roy M. Williams appeals the order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm, but we write to explain that although the post-conviction court did not apply the correct standard in analyzing Mr. Williams’ claim of ineffective assistance of counsel, the record conclusively shows that Mr. Williams is not entitled to relief.
On February 10, 2011, a jury found Mr. Williams guilty of possession of cocaine and possession of drug paraphernalia. The trial court sentenced Mr. Williams to 76.95 months in prison for the possession conviction and a term of 12 months in jail for the paraphernalia conviction. This court affirmed Mr. Williams’ convictions and sentences without written opinion. Williams v. State, 100 So.3d 700 (Fla. 2d DCA 2012) (table decision).
The postconviction record shows that Mr. Williams was stopped after Deputy Sheriff Movahedi saw him and another man engage in what she believed was a hand-to-hand drug transaction. Deputy Movahedi decided to detain both men and called Deputy Kesler for assistance. According to Mr. Williams’ pleading, Deputy Kesler testified that he asked and received permission to search Mr. Williams and that he found three pieces of crack cocaine in Mr. Williams’ hat. Deputy Movahedi did not find drugs on the other man, but she also did not find the lighter that the other man claimed Mr. Williams' had just given to him.
In his rule 3.850 motion, Mr. Williams contended that trial counsel was ineffective for not investigating the man that Deputy Movahedi searched and for not calling him as a witness. He alleged that the witness would have testified that Mr. Williams did not engage in a drug transaction and that Mr. Williams did not consent to be searched by Deputy Kesler. Mr. Williams further contended that he asked his attorney to investigate this witness, that he told trial counsel where to find him, and that he was available to testify. As prejudice, Mr. Williams contended that trial counsel’s omission deprived him of testimony that could have weakened the State’s case and possibly would have resulted in an acquittal.
In response, the State argued that Mr. Williams could not demonstrate prejudice because he could not show that the testimony “would have changed the verdict.” The State cited Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), as authority for this proposition. The postconviction court entered a final order adopting the State’s argument “that the Defendant failed to establish prejudice in that the Defendant has not shown that the outcome of the proceeding would have been different.”
The postconviction court erred in adopting the State’s prejudice analysis in denying Mr. Williams’ claim. Richter did not alter the ineffective assistance of counsel analysis set forth in Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and it does not require Mr. Williams to show that the omitted testimony would have changed the verdict or that the outcome of the proceeding would have been different. Indeed, the Supreme Court explained in Richter,
*461 Strickland, asks whether it is “reasonably likely” the result would have been different. This does not require a showing that counsel’s actions “more likely than not altered the outcome,” but the difference between Strickland’s prejudice standard and a more-probable-than-not standard is slight and matters “only in the rarest case.”
Richter, 131 S.Ct. at 792 (citing Strickland, 466 U.S. at 693, 697, 104 S.Ct. 2052). The postconviction court should have determined, consistent with Strickland and Richter, whether trial counsel’s failure to investigate the witness and call him to testify fell outside the wide range of reasonable professional assistance and whether there is a reasonable probability that counsel’s deficient performance affected the outcome of the proceeding. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Richter, 131 S.Ct. at 787-88, 792; Strickland, 466 U.S. at 689, 693-94, 104 S.Ct. 2052.[1]
Although the postconviction court failed to conduct the correct analysis, the record conclusively shows that there is no reasonable probability that the outcome of Mr. Williams’ trial would have differed if trial counsel had presented the proffered testimony. Mr. Williams was charged with possession of cocaine and possession of paraphernalia. Both offenses were established by Mr. Williams’ possession of the contraband, and the proffered trial testimony that Mr. Williams- did not engage in a drug transaction and that Mr. Williams did not consent to be searched would not have affected the evidence that established Mr. Williams’ guilt of the possession charges. See §§ 893.13, .147, Fla. Stat. (2010).
While the postconviction court clearly erred in adopting the State’s recitation of Mr. Williams’ burden to show prejudice, the record conclusively refutes Mr. Williams’ claim that he was prejudiced by trial counsel’s failure to investigate and present the proffered testimony. Accordingly, we affirm the postconviction court’s order.
Affirmed.
LaROSE, CRENSHAW, and MORRIS, JJ., Concur.

. A court need not address both elements of the Strickland analysis if a movant makes an insufficient showing on one. See Strickland, 466 U.S. at 697, 104 S.Ct. 2052 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.”).